UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4201 PA (AJWx) | Date | August 11, 2015 |
|---|---|---|---|
| Title | Eric Mobley v. JPMorgan Chase Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

  Before the Court is an Ex Parte Application for Temporary Restraining Order filed by plaintiff Eric Mobley ("Plaintiff" or "Mobley") (Docket No. 32). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

  Plaintiff commenced this action pro se on June 4, 2015, but filed a Request for Substitution of Attorney on August 6, 2015, after the deadline for the filing of any additional briefing in support of or in opposition to the Motion to Consolidate. The action pending before this Court alleges claims against defendants JPMorgan Chase Bank, N.A. ("JPMorgan"), Citibank, N.A., as trustee for Certificateholders of Bear Stearns Asset Backed Securities Trust 2007-SD3, Asset Backed Certificates, Series 2007-SD3 ("Citibank"), National Default Servicing Corp., Select Portfolio Servicing, Inc., Greg Allen, Birhan Ayele, M&T Bank (d/b/a Wilmington Trust), and Wright, Finlay & Zak, LLP ("WF&Z") (collectively "Defendants"). Specifically, the Complaint alleges that wrongful foreclosure, fraud, violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, quiet title, and other related claims arising out of Plaintiff's failure to pay all sums due on his home mortgage and Defendants' subsequent efforts to foreclose on the Deed of Trust and evict Plaintiff from the subject property.

  This is not the first action arising out of Plaintiff's mortgage and Defendant's eviction efforts. In May 2014, Plaintiff commenced an action in Los Angeles Superior Court, Case No. BC545248, with similar claims and allegations to those contained in this action against many of the same defendants. The Los Angeles Superior Court eventually granted demurrers to the First Amended Complaint filed in that action and entered a Judgment against Plaintiff. Defendants have moved to dismiss this action as barred by the litigation privilege and res judicata as a result of the Judgment entered against Mobley in Case No. BC545248. The Motions to Dismiss remain pending and the Court, at the request of Plaintiff's new counsel, has provided Mobley with an opportunity to file an Opposition to the Motions despite the expiration of the deadline for him to do so.

  Mobley is also a defendant in an unlawful detainer proceeding filed against him in Los Angeles Superior Court, Case No. 15R01377 (the "Unlawful Detainer Action"). Mobley has twice attempted to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4201 PA (AJWx) | Date | August 11, 2015 |
|---|---|---|---|
| Title | Eric Mobley v. JPMorgan Chase Bank, N.A., et al. | | |

remove the Unlawful Detainer Action to this Court in Case Nos. CV 15-2910 CAS (AJWx) and CV 15-4779 CAS (AJWx). The Court remanded both of those actions to Los Angeles Superior Court because this Court lacks subject matter jurisdiction over the Unlawful Detainer Action. Mobley also filed a Motion to Consolidate attempting to have the Unlawful Detainer Action consolidated with this action. The Court denied that Motion. The Superior Court entered a Judgment against Mobley in the Unlawful Detainer Action on July 17, 2015.

Mobley's Ex Parte Application seeks a temporary restraining order that would prevent Defendants from executing the writ of possession they obtained in the Unlawful Detainer Action and making any further efforts to sell the subject property.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met. Id. (internal citations omitted). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 1867, 138 L. Ed. 2d 162 (1997).

Plaintiff attempts to justify the issuance of a temporary restraining order by asserting that he is likely to prevail on the merits of his wrongful foreclosure claims. However, Plaintiff alleged claims for wrongful foreclosure in his prior action litigated in Los Angeles Superior Court, Case No. BC545248. That action was dismissed with prejudice. As a result of the Judgment entered against Mobley in Case No. BC545248, his arguments concerning robo-signing, that the foreclosing entities did not have rights to foreclose, and the effects of a fraudulent reconveyance recorded by Mr. Tikal, among other contentions, have already been resolved against him. Moreover, Mobley also had an opportunity to challenge the propriety of the eviction, and the rights of those evicting him, in the Unlawful Detainer Action. There too, the Los Angeles Superior Court has entered a Judgment against him.

A federal court is required under 28 U.S.C. § 1738 to look to the preclusion law of the state court that rendered the earlier judgment or judgments to determine whether subsequent federal litigation is precluded. See 28 U.S.C. § 1738 ("Acts, records, and judicial proceedings" of "any State . . . of the United States . . . shall have the same full faith and credit in every court within the United States . . . as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4201 PA (AJWx) | Date | August 11, 2015 |
|---|---|---|---|
| Title | Eric Mobley v. JPMorgan Chase Bank, N.A., et al. | | |

they have by law or usage in the courts of such State . . . from which they are taken."). Under this statute, a federal court "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Ed., 465 U.S. 75, 81, 104 S. Ct. 892, 896, 79 L. Ed. 2d 56 (1984); see also White v. City of Pasadena, 671 F.3d 918, 926 (9th Cir. 2012). In determining the preclusive effect of a state administrative decision or a state court judgment, federal courts follow the state's rules of preclusion. Kremer v. Chem. Constr. Corp., 456 U.S. 461, 482, 102 S. Ct. 1883, 1898, 72 L. Ed. 2d 262 (1982). "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. 880, 892, 128 S. Ct. 2161, 2171, 171 L. Ed. 2d 155 (2008).

In California, "a final judgment precludes further proceedings if they are based on the same cause of action." Maldonado v. Harris, 370 F.3d 945, 952 (9th Cir. 2004). California law defines a "cause of action" for purposes of the res judicata doctrine by analyzing the primary right at stake. "That concept 'is indivisible: the violation of a single primary right gives rise to but a single cause of action.'" San Diego Police Officers' Ass'n v. San Diego City Emps. Ret. Sys., 568 F.3d 725, 734 (quoting Crowley v. Katleman, 8 Cal. 4th 666, 681, 34 Cal. Rptr. 2d 386, 395 (1994)). That is, "if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Id. (quoting Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174, 197 Cal. Rptr. 612, 614 (1983)). In conducting a primary rights analysis, "[w]hat is critical to the analysis 'is the harm suffered; that the same facts are involved in both suits is not conclusive.'" Id. (quoting Agarwal v. Johnson, 25 Cal. 3d 932, 954, 160 Cal. Rptr. 141, 155 (1970)).

Under California's claim preclusion doctrine "'a valid, final judgment on the merits precludes parties or their privies from relitigating the same 'cause of action' in a subsequent suit.'" Id. (quoting Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd., 110 Cal. App.4th 1161, 1169, 2 Cal. Rptr.3d 408, 415 (2003)). "Thus three requirements have to be met: (1) the second lawsuit must involve the same "cause of action" as the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit." Id.

Because Mobley attempts to establish that he is likely to succeed on the merits of causes of action that have already been finally resolved against him in the Los Angeles Superior Court, and the doctrine of res judicata therefore appears to prevent him from prevailing on those causes of action in this action, Mobley has failed to establish a likelihood of success on the merits. Nor has Mobley demonstrated serious questions going to the merits.

Even if Mobley could show a likelihood of success or demonstrated serious questions going to the merits, his Ex Parte Application for Temporary Restraining Order fails for the independent reason

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4201 PA (AJWx) | Date | August 11, 2015 |
|---|---|---|---|
| Title | Eric Mobley v. JPMorgan Chase Bank, N.A., et al. | | |

that the injunctive relief he seeks exceeds the Court's authority. Specifically, the Anti-Injunction Act states that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "Rooted firmly in constitutional principles, the [Anti-Injunction] Act is designed to prevent friction between federal and state courts by barring federal intervention in all but the narrowest of circumstances." Sandpiper Village Condo. Ass'n., Inc. v. Louisiana-Pacific Corp., 428 F.3d 831, 842 (9th Cir. 2005). The Anti-Injunction Act "extends not only to injunctions affecting pending proceedings, but also to injunctions against the execution or enforcement of state judgments. An injunction may not be used to evade the dictates of the Act if the injunction effectively blocks a state court judgment." Henrichs v. Valley View Dev., 474 F.3d 609, 616 (9th Cir. 2007) (citing Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 287-88, 90 S. Ct. 1739, 1743-44, 26 L. Ed. 2d 234 (1970)).

Although Plaintiff's Application does not address the limitations on this Court's authority imposed by the Anti-Injunction Act, the Court's initial view is that the injunction Plaintiff seeks does not meet any of the three exceptions contained within the Anti-Injunction Act. The proposed injunction is not necessary in aid of the Court's jurisdiction, it does not protect or effectuate a judgment issued by the Court, and as have other courts, this Court concludes that such relief has not been authorized by Congress. See Casa Marie, Inc. v. Superior Court, 988 F.2d 252, 261-62 (1st Cir. 1993) (determining that Congress did not intend the FHA to be an exception to the Anti-Injunction Act). Because the Anti-Injunction Act prevents the Court from interfering in the pending Unlawful Detainer Action, the Court finds that Plaintiff has failed to meet his burden to establish either a probability of success on the merits or even that he has raised a serious question with respect to the requested injunction preventing Defendants from executing on the writ of possession.

For all of the foregoing reasons, the Court denies Mobley's Ex Parte Application for Temporary Restraining Order.

IT IS SO ORDERED.